IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  06-cv-00466-WYD-PAC

CATHERINE L. BESTLAND,

    Plaintiff(s),

v.

JAMES SMITH;
NATALIE SMITH;
d/b/a LEGACY CARVED DOORS,

    Defendant(s).

---

**PRELIMINARY INJUNCTION ORDER**

---

I.    <u>INTRODUCTION</u>

THIS MATTER is before the Court on Plaintiff's Motion for Preliminary Injunction, filed on March 24, 2006, (docket #3) (the "motion").  A hearing on Plaintiff's motion was held on October 27, 2006.  Plaintiff and her counsel, Susan D. Holappa, appeared by video conference from Grand Junction.  Defendants appeared by telephone, *pro se*.  I have reviewed Plaintiff's Motion for Preliminary Injunction and the Affidavits attached thereto.  I have also reviewed Defendants' Response to the Motion for Preliminary Injunction, filed May 16, 2006 (docket #24).  At the October 27, 2006, hearing, Plaintiff testified and called as witnesses Defendant Jim Smith, Joan Sanderson, Roy Davis and Rex Halterman.  Defendant Jim Smith also testified in Defendant's case in opposition to the motion.  Defendant did not call any other witnesses.  For the reasons set forth herein, I find that Plaintiff's Motion for Preliminary Injunction should be **GRANTED**.

By way of background, I note that this is a copyright infringement action in which Plaintiff, an artist in Montrose, Colorado, brings claims for Copyright Infringement and Fraudulent Misrepresentation. Plaintiff is the creator of nine original sketches of mountain scenes, animals and landscapes ("Bestland's Drawings"). Plaintiff filed her Motion for Preliminary Injunction pursuant to 17 U.S.C. § 502(a) seeking to prohibit Defendants from "continuing to infringe her registered copyrights in Bestland's Drawings."

A hearing on Plaintiff's Motion for Preliminary Injunction was initially scheduled for April 25, 2006. On April 21, 2006, Defendants, appearing *pro se*, filed a motion to continue the hearing, stating that they had not received notification of the hearing and could not attend. On April 24, 2006, I ordered that a hearing on the motion to continue take place on Tuesday, April 25, 2006. During the April 25, 2006, hearing, which Defendants participated in by telephone, I granted Defendants' motion to continue and re-set the preliminary injunction hearing for June 5, 2006.

On May 22, 2006, Plaintiff filed a Suggestion of Bankruptcy, indicating that on May 10, 2006, Defendants filed a voluntary Petition in the United States Bankruptcy Court for the District of Colorado seeking relief under United States Bankruptcy Code, Chapter 7. Pursuant to the Suggestion of Bankruptcy, this case was stayed. On August 22, 2006, the Bankruptcy Court granted Plaintiff relief from the automatic stay, which permitted Plaintiff to pursue all non-monetary remedies against Defendants in this case. Accordingly, I rescheduled the hearing on Plaintiff's Motion for Preliminary Injunction. On October 19, 2006, Defendants filed a Motion to Dismiss Case, in which

they state that they "in no way accept or admit any form of Copyright Infringement but feel that in the best interest of the courts and ourselves, a resolution to this frivolous case would allow all parties to depart without any further action or obligation from either party."  Then on October 23, 2006, Defendants filed a letter "requesting [the Court's] response in helping us understand what else Cathy Bestland and her Attorney Susan Holapa are attempting to accomplish or benefit from."  Plaintiff has moved to strike this letter on the basis that it contains confidential information concerning settlement negotiations.

II.     FACTUAL BACKGROUND

This court has original, exclusive jurisdiction over Plaintiff's copyright infringement claim pursuant to 28 U.S.C. § 1338(a).  The court has supplemental jurisdiction over the state law claim in this case pursuant to 28 U.S.C. § 1367.  Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a) because the events giving rise to the claims alleged herein occurred within the District of Colorado and the Defendants may be found in the District of Colorado.

Through her Motion for Preliminary Injunction, and her testimony at the hearing, Plaintiff has presented evidence of the following:

Plaintiff created drawings and wood carved derivative works from those drawings, titled as follows:

    a.    Aspen Eyes
    b.    Grizz
    c.    Bugle Boy
    d.    Freebird
    e.    Wild Thang

      f.      Macho Mulie
      g.     Rise to the Occasion
      h.     Moose on the Loose
      i.      Veritas

(Bestland's Drawings).

Effective November 23, 2005, the U.S. Copyright Office issued to Plaintiff Copyright Registration No. VAU677-050 ("the Registration") for Bestland's Drawings (collectively, the "Copyrighted Works").  A copy of the Form VA from the Copyright Office was admitted at the preliminary injunction hearing as Plaintiff's Exhibit 10.  In or around June of 2004, Plaintiff granted Defendants a non-exclusive license to reproduce and create derivative works, including carved wood doors and other wood carved furniture and artwork, derived from Bestland's Drawings.  Copies of Bestland's Drawings were admitted at the preliminary injunction hearing as Plaintiff's Exhibits 1 through 9.

On or around December 15, 2004, Plaintiff terminated the Defendants' license of Bestland's Drawings.  At that time, Plaintiff advised Defendants that they had no further right to reproduce or otherwise use those works.  Although Defendants told Plaintiff that they would cease all use of Plaintiff's Bestland's Drawings, Defendants have nevertheless continued to publicly display, reproduce and create derivative works from the Bestland's Drawings.

Plaintiff testified that she did not assign her copyright in Bestland's Drawings to Defendants, nor did she enter into a work for hire agreement concerning any copyrighted works she created during the term of her license and production agreement

with Defendants.  Plaintiff presented evidence that Defendants posted photographs of the wood doors carved by Plaintiff from Bestland's Drawings ("Bestland's Doors") on Defendants' website, www.legacycarveddoors.com ("Legacy Website").  Until at least August 2006, Defendants have offered for duplication and sale, carved wood doors based on the following Bestland's Drawings.

>Aspen Eyes
>Grizz
>Bugle Boy
>Freebird
>Wild Thang
>Rise to the Occasion
>Moose on the Loose.

Plaintiff carved her signature into each of the Bestland's Doors shown on the Legacy Website accompanied by the copyright symbol ©.  Plaintiff contends that from and after December 15, 2004, Defendants wrongfully and unlawfully copied Bestland's Drawings and created derivative works from those drawings.  According to Plaintiff, Defendants have made an unknown number of unauthorized copies and unauthorized derivative works of Bestland's Drawings, which they have continued to sell.  Plaintiff contends that Defendants' actions infringe Plaintiff's copyright in Bestland's Drawings. 17 U.S.C. § 501(a).

Defendants admit that they have used Bestland's Drawings since December 15, 2004.  Their defense to Plaintiff's claim is that they, not Plaintiff, own the Copyrighted Works, because all were created by Plaintiff at Defendants' behest from June 15, 2004, through December 15, 2004.  Plaintiff contested Defendants' assertion of ownership over the Copyrighted Works with her own testimony and the testimony of witnesses

Joan Sanderson, Roy Davis and Rex Halterman. Plaintiff and these witnesses all testified that all, or some, of the Copyrighted Works were created by Plaintiff before June 2004, when Plaintiff's association with the Defendants began.

I find the testimony of Plaintiff, Ms. Sanderson, Mr. Davis and Mr. Halterman to be credible. Defendants' sole witness was defendant James Smith. I find that Mr. Smith and his testimony lack credibility. By way of example, I take judicial notice of Defendants' Motion to Dismiss Case filed October 19, 2006, in which Defendants stated at page 2 that "all copies of the artwork in question have been destroyed." During Plaintiff's examination of Defendant James Smith, and further inquiry from me, Mr. Smith admitted that the Defendants' statement in their October 19, 2006, motion was false, and characterized the statement as a typographical or typing error.

Plaintiff testified that she will be irreparably injured if Defendants are not preliminarily enjoined from further reproduction, display, use or exploitation of any kind, of the Copyrighted Works, including harm to her reputation and the loss of opportunity for creation of wood carved doors from the Copyrighted Works.

III.   ANALYSIS

A federal court sitting in diversity must apply federal standards to preliminary injunctive relief. *Equifax Servs., Inc. v. Hitz*, 905 F.2d 1355, 1361 (10th Cir. 1990). The primary purpose of a preliminary injunction is to preserve the status quo pending a final determination of the parties' rights. *Otero Savings and Loan Ass'n v. Federal Reserve Bank of Kansas City, Mo.*, 665 F.2d 275 (10th Cir. 1981).

"Ordinarily, a movant seeking a preliminary injunction must establish (1) a

substantial likelihood of success on the merits; (2) irreparable injury to the movant if the injunction is denied; (3) the threatened injury to the movant outweighs the injury to the party opposing the preliminary injunction; and (4) the injunction would not be adverse to the public interest.  *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.* 269 F.3d 1149, 1154 (10th Cir. 2001); *see also SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991).  "Because a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal." *Dominion Video*, 269 F.3d at 1154.

Also, with respect to the claims at issue, the Copyright Act authorizes a federal judge to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."  17 U.S.C. § 502(a).

Pursuant to Rule 52(a), "a district court is required to make findings of fact and conclusions of law at the time it enters a preliminary injunction."  *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1245 (10th Cir. 2001).  "Although Rule 52(a) does not require 'over-elaboration of detail or particularization of facts,' conclusory findings are not sufficient compliance with the Federal Rules of Civil Procedure."  *Potawatomi Indians*, 253 F.3d at 1246.

   A. <u>Substantial Likelihood of Success on the Merits</u>

In order to show copyright infringement (or a likelihood of success in connection with same), Plaintiff must show that (1) she possesses a valid copyright and (2) that Defendants "'copied' protectable elements of the copyrighted work." *Country Kids 'N City Slicks, Inc.*, 77 F.3d 1280, 1284 (10th Cir. 1996).  "'Ownership' may be proved by

establishing originality and copyrightability of the matter and compliance with statutory formalities." *Kern River Gas Transmission Co. v. Coastal Corp.*, 899 F.2d 1458, 1462 (5th Cir.), *cert. denied*, 498 U.S. 952 (1990). "Copying" may be shown either directly, or indirectly "by establishing that Defendants had access to the copyrighted work and that there are probative similarities between the copyrighted work and the allegedly copied material." *Country Kids*, 77 F.3d at 1284; *see also Fisher v. United Feature Syndicate, Inc.*, 203 F.3d 834 (Table), 2000 WL 135167 at *1 (10th Cir. 2000).

Here, Plaintiff has shown that she owns a registered copyright in the Bestland Drawings, which is "*prima facie* evidence of the validity of the copyright." 17 U.S.C. § 401(c). As discussed above, Defendants' contention that they owned Bestland's Drawings is not supported by credible evidence in the record.

As to the infringement prong, I must find substantial similarity between the protected elements of Bestland's Drawings and the doors sold by Defendants. This is shown by establishing that "'the accused work is so similar to the plaintiff's work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated the plaintiff's protectible expression by taking material of substance and value." *Country Kids*, 77 F.3d at 1288 (quoting *Atari, Inc. v. North American Philips Consumer Electronics Corp.*, 672 F.2d 607, 614 (7th Cir. 1982)). In this case, the "ordinary observer" test is an appropriate method for comparing the works. *Id.*

Plaintiff asserts that the Defendants' copying of Bestland's Drawings is so comprehensive. Plaintiff has alleged that Defendants have copies of photographs of carved wood doors created by Plaintiff from Bestland's Drawings on the Legacy website

and in other advertising, and are offering them as their own.  Plaintiff contends that the average observer would easily recognize Defendant's appropriation of Bestland's Drawings, and I agree.  Defendants do not dispute that they had access to and used Bestland's Drawings after December 15, 2004.  I agree with Plaintiff that photographs of carved wood doors that appeared on the Legacy Website and in other advertising used by Defendants are substantial similarity to Bestland's Drawings, which are legally protected.

At the preliminary injunction hearing, Plaintiff need simply make out "a prima facie case showing a reasonable probability that [she] will ultimately be entitled to the relief sought." *Autoskill, Inc. v. Nat'l Educational Support Systems, Inc.*, 994 F.2d 1476, 1487 (10th Cir. 1993).  A moving party "is not required to show to an absolute certainty that it has a right to prevail on the infringement claim at trial. . . Rather, under our "liberal definition" of the likelihood of success factor, "[w]hen the other three requirements for a preliminary injunction are satisfied, 'it will ordinarily be enough that the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them fair ground for litigation and thus for more deliberate investigation.'"  *Autoskill,* 994 F.2d at 1487.

Here, I find that Plaintiff has shown a reasonable probability that she is entitled to the relief sought.  She has demonstrated ownership of Bestland's Drawings, and has shown that the protected elements of her drawings are substantially similar to the carved wood doors being advertised by Defendants.  Plaintiff has shown a likelihood of success on the merits in this case, and has satisfied the first requirement of a

preliminary injunction.

B.     Irreparable Injury

Irreparable injury is established "when the court would be unable to grant an effective monetary remedy after a full trial because such damages would be inadequate or difficult to ascertain." *Dominion Video*, 269 F.3d at 1156.  The injury 'must be both certain and great,' . . . and . . . must not be 'merely serious or substantial.'" *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001) (quotation omitted)

Irreparable harm may be established by showing that the moving party would "suffer from a loss of uniqueness in the marketplace."  *Autoskill,* 994 F.2d at 1498. However, as to a copyright claim, once a party makes out a *prima facie* case of a copyright violation, courts typically presume that irreparable injury will occur.  *See County Kids 'N City Slicks, Inc.*, 77 F.3d at 1288-89 (Tenth Circuit joined "the overwhelming majority of our sister circuits [in] recogniz[ing] a presumption of injury at the preliminary injunction stage once a copyright infringement plaintiff has demonstrated a likelihood of success on the merits).

Here, Plaintiff asserts that as a result of Defendants' actions, she has sustained and will continue to sustain irreparable injury including injury to her reputation due to the poor quality of Defendants' creations, as well as actual damages in the form of lost profits.  Because Plaintiff has demonstrated a reasonable likelihood of success on the merits of her copyright claim, she is entitled to a presumption that she will suffer irreparable injury if a preliminary injunction does not issue.

### C. Balance of Hardships

Next, I consider whether the threatened injury to movant outweighs the injury to the party opposing the injunction. The moving party must also show that the harm it would sustain without an injunction outweighs the potential harm of an injunction to the alleged infringer. *Autoskill,* 994 F.2d at 1498. The potential injury to an allegedly infringing party caused by an injunction merits little equitable consideration and is insufficient to outweigh the continued wrongful infringement. *Id.* at 1498.

In their Motion to Dismiss, Defendants state that they are no longer carving wood doors and that their website is no longer operational. Consequently, I find that the balance of the harms weighs in Plaintiff's favor in this case.

### D. Public Interest

Finally, as to the requirement that the injunction would not be adverse to the public interest, I note that in copyright infringement cases "this factor normally weighs in favor of the issuance of an injunction because the public interest is the interest in upholding copyright protections." *Autoskill, Inc.*, 994 F.2d at 1499. I find this to be true here, and conclude that an injunction would not be adverse to the public interest in this case.

### E. Bond

As to the bond requirement, "Rule 65(c) provides in part that no preliminary injunction shall issue 'except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined.'"

*Dominion Video*, 269 F.3d at 1158 (quoting FED. R. CIV. P. 65).  "[T]he trial court has 'wide discretion' in setting the amount of the preliminary injunction bond." *Id.*

Plaintiff has requested that I impose a nominal bond.  I decline to impose a nominal bond in this case, but note that Defendants have made no showing of any potential harm that would occur should an injunction issue.  Therefore, I find that a bond in the amount of $250.00 is appropriate in this case.

IV.  CONCLUSION

Plaintiff has satisfied all of the conditions precedent to establish her right to injunctive relief against Defendants in this case.  For the reasons stated herein, I find that Plaintiff's Motion for Preliminary Injunction, filed March 24, 2006 (docket #3), is **GRANTED**.  It is

ORDERED that Defendants James Smith and Natalie Smith are hereby enjoined from:

> A.  Publically displaying any works derived from the Copyrighted Works on any web site, in advertising, at trade shows, showrooms or by any other means or methods whatsoever;
>
> B.  Creating additional copies of carved wood doors or any other reproductions or derivative works from the Copyrighted Works; and
>
> C.  Offering any doors or other wood carvings or artwork of any kind derived from the Copyrighted Works for sale to the public.

It is

FURTHER ORDERED that Plaintiff shall tender a bond in the amount of $250.00

in connection with the issuance of this Preliminary Injunction.  The bond shall be posted with the Clerk of this Court within ten (10) days of the date of this Order.  It is

FURTHER ORDERED that the Motion to Dismiss Case, filed by Defendants on October 19, 2006 (docket #46), is **DENIED**.  It is

FURTHER ORDERED that Plaintiff's Motion to Strike Defendants' October 23, 2006 Letter to the Court, filed October 25, 2006 (docket #52) is **GRANTED**, and Defendants' October 23, 2006 Letter (docket #49) is **STRICKEN**.

Dated:  November 6, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge